Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Brittany L. Vannoy, State Bar No. 274603
E-Mail: bvannoy@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEE BACA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSEANNE LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a Municipality within the State of California; SHERIFF LEE BACA; individually and in his official capacity as Sheriff of the Los Angeles County Sheriff's Department; DEPUTY MONTESEDECO, individually and in his official capacity as Deputy Sheriff of the Los Angeles County Sheriff's Department; and SERGEANT MAYHUGH, individually and in his official capacity as a Sergeant of the Los Angeles County Sheriff's Department<br><br>Defendants. | CASE NO. CV11-6934 GAF (PJWx)<br><br>[Judge Gary A. Feess, Courtroom 740]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND/OR MOTION TO STRIKE PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEE BACA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Trial Date: None Set<br>Hearing Date: November 14, 2011<br>9:30 a.m.<br>Courtroom "740" |

TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT on November 14, 2011, at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom "740" of the above-entitled Court, defendants COUNTY OF LOS ANGELES ("COLA") and SHERIFF

1  LEE BACA ("SHERIFF BACA") will move this Court for an Order granting their
2  Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike,
3  pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), 12(e) and 12(f),
4  respectively. The aforementioned motions are brought concurrently pursuant to
5  Federal Rules of Civil Procedure, Rule 12(g).
6        Defendants bring this motion on the grounds that:
7      1.    None of plaintiff's claims against SHERIFF BACA state a cause of
8  action upon which relief may be granted. To the extent SHERIFF BACA is sued in
9  his individual capacity, plaintiff fails to allege with particularity any conduct by
10 SHERIFF BACA related to the incident and fail to allege how SHERIFF BACA
11 caused plaintiff's injuries. Further, SHERIFF BACA cannot be held vicariously
12 liable. To the extent SHERIFF BACA is sued in his official capacity, plaintiff's
13 claims are duplicative of the claims against COLA. SHERIFF BACA is also
14 entitled to immunity as to plaintiff's state causes of action. Thus, all of plaintiff's
15 claims against SHERIFF BACA should be dismissed.
16     2.    Plaintiff's section 1983 claim against COLA is entirely conclusory and
17 is insufficient to maintain a Monell cause of action.
18     3.    Plaintiff's state law claims against COLA for assault, battery, false
19 imprisonment and arrest, and intentional infliction of emotional distress are
20 insufficient as they fail to allege any facts regarding COLA's involvement.
21     4.    Plaintiff's allegations of First, Second, Fifth, and Fourteenth
22 Amendment violations are misplaced and should be stricken.
23     5.    Plaintiff's reference to "Defendants MASSEY, BIRKBECK, and
24 GARCIA" is also misplaced and should be stricken from the Complaint.
25     This Motion is made following compliance with Local Rule 7-3 beginning on
26 October 6, 2011.
27     This Motion will be based upon this Notice, the attached Memorandum of
28 Points and Authorities filed concurrently herewith, all exhibits, papers, pleadings

1. and documents contained on file, and upon all further oral and documentary
2. evidence as may be presented at the time of the hearing of this motion.
3. 
4. DATED: October 12, 2011       HURRELL CANTRALL LLP
5. 
6. 
7. By: _____
   THOMAS C. HURRELL
8. BRITTANY L. VANNOY
9. Attorneys for COUNTY OF LOS
   ANGELES and SHERIFF LEE BACA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This matter involves allegations by plaintiff Roseanne Larsen ("plaintiff") that she sustained civil rights and state law violations after being pulled over by Los Angeles County Sheriff's Deputy Montesedeco. Plaintiff claims that when she was pulled over for an unregistered car investigation by Deputy Montesedeco, he and Sergeant Mayhugh proceeded to harass, assault, batter, and falsely imprison and arrest plaintiff, and subject plaintiff to emotional distress. Plaintiff alleges she was also subjected to deprivations of the following "well-settled constitutional rights:" (a) freedom from the use of excessive and unreasonable force; (b) freedom from the deprivation of liberty or property without due process of law; (c) the right to be secure in one's person, papers and effects against unreasonable searches and seiz[ur]es; (d) the right to keep arms in one's own home; (e) freedom from summary punishment; and (f) freedom from torture. Complaint ¶ 19.

Defendants respectfully submit that plaintiff's claims against SHERIFF BACA must be dismissed in their entirety. Plaintiff's first claim for violation of 42 U.S.C. section 1983 against SHERIFF BACA in his official capacity is duplicative of the Monell (municipal liability) claims against the public entity defendants. To the extent plaintiff seeks to hold SHERIFF BACA liable in his individual capacity under section 1983, plaintiff fails to allege any specific conduct by SHERIFF BACA that could subject him to liability. Furthermore, SHERIFF BACA cannot be held vicariously liable for the actions of the deputies involved. Thus plaintiff's first cause of action against SHERIFF BACA must be dismissed.

Plaintiff has failed to plead her state claims against SHERIFF BACA with particularity, as required by California Government Code section 951. The state claims are also barred by California Government Code sections 820.8 and 820.2. Moreover, plaintiff has failed to allege any facts regarding SHERIFF BACA. Thus, plaintiff's causes of action against SHERIFF BACA should be dismissed.

1 Plaintiff's federal section 1983 claim against COLA is conclusory and fails to
2 state a cause of action under Monell. Further, plaintiff has failed to allege any facts
3 as to defendant COLA in regards to any of the state law claims, and those claims
4 should also be dismissed as to COLA.

5 Plaintiff's claims of First, Second, Fifth, and Fourteenth Amendment
6 violations are misplaced, immaterial, and should be stricken.

7 Lastly, because plaintiff has not filed a claim against "Defendants MASSEY,
8 BIRKBECK and GARCIA," her references to those individuals are immaterial and
9 should be stricken.

10 II.   **THIS COURT HAS AUTHORITY TO DISMISS PLAINTIFF'S**
11      **COMPLAINT OR ANY MATTER STATED THEREIN.**
12 Federal Rules of Civil Procedure, Rule 12(b)(6) tests the legal sufficiency of
13 claims asserted in a complaint to determine whether a cause of action has been
14 stated. Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003); Hernandez v.
15 McClanahan, 996 F.Supp. 975, 978 (N.D. Cal. 1998). If a court can determine from
16 the face of a complaint that plaintiff is not entitled to some form of remedy, the
17 court must dismiss the complaint. Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir.
18 2003). A Rule 12(b)(6) motion can attack plaintiff's entire complaint, or any cause
19 of action stated therein. A party may also file a motion to strike to remove "any
20 redundant, immaterial, impertinent, or scandalous matter" pursuant to Federal Rules
21 of Civil Procedure, Rule 12(f).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

...

III. **PLAINTIFF'S CLAIMS AGAINST SHERIFF BACA SHOULD BE DISMISSED IN THEIR ENTIRETY AS PLAINTIFF HAS FAILED TO SHOW HOW SHERIFF BACA WAS INVOLVED IN THIS MATTER.**

    A.    **Plaintiff's Claims Against SHERIFF BACA In His Official Capacity Should Be Dismissed As They Are Duplicative Of The Claims Against COLA.**

Where a plaintiff files claims against a government official and a government entity, the claims against the official are subsumed by the claims against the entity. Lewis v. Sacramento County, 98 F.3d 434, 446 (9th Cir. 1996), rev'd on other grounds, 523 U.S. 833 (1998). Here, plaintiff has sued both COLA and SHERIFF BACA in his official capacity. Because the claims against SHERIFF BACA are duplicative of those also claimed against COLA, they must be dismissed.

In Luke v. Abbott, the court found that when both a plaintiff names both a local government entity and an officer in his official capacity as defendants in a Monell claim, the officer is a redundant defendant and should be dismissed. Luke v. Abbott, 954 F.Supp. 202, 203-04 (C.D. Cal. 1997). Furthermore, the court stated that it is not up to the plaintiff to decide which of these defendants he would like to keep in the case. Id. at 204. Specifically, the Court held:

> After the Monell holding, it is no longer necessary or proper to name as a defendant a particular local government office acting in official capacity. To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorney's fees. A plaintiff cannot elect which of the defendant formats to use. <u>If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant.</u> If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

///

1 Id. (emphasis added); see also Pitts v. County of Kern, 17 Cal.4th 340, 350 (1998). In Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996), the District Court for the Northern District of California agreed, holding, "if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."

In the present case, plaintiff's sole allegations regarding SHERIFF BACA relate to alleged patterns and practices. These claims against SHERIFF BACA are duplicative of the claims made against COLA and should be dismissed.

**B.   Plaintiff's First Cause Of Action Against SHERIFF BACA In His Individual Capacity Should Be Dismissed As Plaintiff Has Failed To Specifically Allege What SHERIFF BACA Did And How He Caused Plaintiff's Injuries.**

In an action brought under 42 U.S.C. section 1983, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). Rather, to prevail on a claim for supervisor liability against a public official under 42 U.S.C. section 1983, a plaintiff must establish: (1) the supervisor's personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor actually implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 646; Mackinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995). Furthermore, "when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be *specifically* alleged and proved." See Megargee v. Wittman, 550 F.Supp.2d 1190, 1204 (E.D. Cal. 2008) (emphasis added).

///

In 2009, the United States Supreme Court tightened the requirements for pleading claims against government officials. The Court held, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Ashcroft, supra, 129 S.Ct. at 1954. Thus, allegations that are nothing more than legal conclusions are not entitled to a presumption of truth, even at the pleading stage. Id. at 1949. Rather, a court must determine based on the factual allegations whether the complaint states a *plausible* claim for relief. Id.

In Ashcroft, plaintiff detainee claimed defendants John Ashcroft and Robert Mueller "'each knew of, condoned, and willfully and maliciously agreed to subject' respondent to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" Id. at 1944 (citations to complaint omitted). Plaintiff further alleged Ashcroft was "the 'principal architect' of the policy, . . . and identifie[d] Mueller as 'instrumental in [its] adoption, promulgation, and implementation.'" Id. On review, the Supreme Court stated that these allegations "amount[ed] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim . . ." Id. at 1951. As such, they were conclusory and not entitled to a presumption of truth. Id. The court next considered whether the factual allegations plausibly stated a claim for relief. Id. The court noted that respondent's factual allegation was that defendants Ashcroft and Mueller adopted a policy approving restrictive conditions of confinement for post-September-11 detainees until they were cleared by the FBI. Id. However, the complaint pleaded no facts showing defendants purposely kept detainees in the facility in question due to their race, religion, or national origin. Id. at 1952. Consequently, the complaint failed to state a plausible claim for relief. Id. Importantly, the court rejected plaintiff's suggestion that the pleading rules be relaxed and allow the district court to "cabin" discovery, emphasizing the importance of freeing government officials from disruptive

///

-8-

1 | discovery, especially where qualified immunity was at issue. Id. at 1953. Thus, the
2 | decision of the lower courts was reversed. Id.

3 | Similarly, in the instant case plaintiff has failed to allege any specific facts regarding SHERIFF BACA's conduct. Instead, plaintiff merely states broadly that the deputies' actions were "done with the authority and ratification of SHERIFF LEE BACA." Complaint ¶ 23. Plaintiff's general, conclusory statements are clearly insufficient, as plaintiff fails to describe any particular conduct or means of causation. "While legal conclusions" such as these "can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft, supra, 129 S. Ct. at 1950. Plaintiff has not alleged that SHERIFF BACA had actual oversight of the deputies involved in this matter, nor that SHERIFF BACA was actually present during the incident at issue. Plaintiff has also failed to allege or provide factual support for the proposition that SHERIFF BACA caused her injuries. Thus, this Court need not accept plaintiff's allegations regarding SHERIFF BACA as true.

Moreover, it would be impractical to permit SHERIFF BACA to be held liable as a "supervisor" of every Los Angeles County Sheriffs' Department employee, as the Los Angeles County Sheriffs' Department employs over 10,000 persons. The concerns of the Ashcroft case are particularly applicable to SHERIFF BACA. With merely a legal conclusion and no factual support to show the possibility SHERIFF BACA violated plaintiff's civil rights, plaintiff's first claim against SHERIFF BACA must be dismissed.

22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

    **C.    Plaintiff's State Law Causes Of Action Should Be Dismissed As To SHERIFF BACA Because Plaintiff Has Failed To State A Cause Of Action.**

        **a.    Plaintiff has not alleged any specific wrongful conduct by SHERIFF BACA as required by California Government Code section 951, and SHERIFF BACA cannot be held vicariously liable pursuant to California Government Code section 820.8.**

California Government Code section 951 requires a plaintiff who seeks to hold a public official liable in his individual capacity to "allege with particularity sufficient material facts to establish the individual liability of the publicly elected or appointed state or local officer." Here, plaintiff has again failed to allege with sufficient particularity any conduct by SHERIFF BACA which caused her injuries; there are no allegations that SHERIFF BACA assaulted, battered, falsely arrested or imprisoned, or inflicted emotional distress upon plaintiff. Furthermore, California Government Code section 820.8 provides that, in the absence of a contrary statute, a public employee cannot be held vicariously liable for the conduct of another. Thus, SHERIFF BACA cannot be held liable for the conduct of the deputies involved in the incident at issue. Because plaintiff has failed to allege particular conduct engaged in by SHERIFF BACA, plaintiff's causes of action for assault, battery, falsely arrest and imprisonment, and intentional infliction of emotional distress against SHERIFF BACA should be dismissed.

        **b.    SHERIFF BACA is immune under Government Code section 820.2 to the extent plaintiff seeks to hold SHERIFF BACA liable as a supervisor.**

SHERIFF BACA is immune from plaintiff's state causes of action for assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress under California Government Code section 820.2, which provides immunity

for government officials in the exercise of discretion vested in them, regardless of whether such discretion is abused. See, e.g., Taylor v. City of L.A. Dep't of Water & Power, 144 Cal.App.4th 1226, 1238 (2006). Plaintiff has not alleged SHERIFF BACA was present or personally involved with the incident, and decisions made by SHERIFF BACA based on claims of improper supervision involve the exercise of discretion. See Abdollahi v. County of Sacramento, 405 F.Supp.2d 1194 (E.D. Cal. 2005) (basic policy decisions by Sheriff regarding the supervision and training of employees are afforded state law immunity); see also Venegas v. County of L.A., 32 Cal.4th 820, 836 (2004). SHERIFF BACA is therefore entitled to immunity from plaintiff's state law claims, and all such claims should be dismissed.

## IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANT COLA ARE CONCLUSORY AND FAIL TO STATE ANY FACTS REGARDING COLA'S ALLEGED INVOLVEMENT.

### A. Plaintiff's Federal Cause Of Action Under Section 1983 Fails As It Is Conclusory And Insufficient.

In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), the United States Supreme Court held that "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Thus, in order to properly plead a Monell cause of action, a plaintiff must prove: (1) a constitutional violation pursuant to a formal governmental policy or longstanding practice or custom which constitutes standard operating procedure of the local government; (2) the constitutional violation was committed by an official with final policy-making authority and therefore the action constitutes an act of official governmental policy; or (3) an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992).

The United States Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, supra, 129 S.Ct. at 1949-50; see also Canas v. City of Sunnyvale, 2011 U.S. Dist. LEXIS 4942 (N.D. Cal. 2011). In fact, California District Courts have recognized that "'[i]n light of [Ashcroft], it would seem that the prior Ninth Circuit pleading standard for Monell claims (i.e., 'bare allegations') is no longer viable.'" Baker v. Rodriguez, 2011 U.S. Dist. LEXIS 113094 (D. Cal. 2011) (quoting Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Via v. City of Fairfield, 2011 U.S. Dist. LEXIS 63242, 13-15 (D. Cal. 2011). Something more is now clearly required.

In Canas, supra, the court held plaintiffs' Monell claim did not meet the requirements of Ashcroft because plaintiffs failed to "explain in detail how the City's alleged policies or customs [were] deficient, . . . [and] how the alleged policies or customs caused [them] harm." Id. at *15-16. The court further rejected plaintiffs' Monell claim for the City's failure to discipline employees since plaintiffs failed to show the City ratified both its employees' discretionary decisions and their bases therefore. Id. at *20. The court cited Gillete, supra, for the proposition that "[t]o hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle respondeat superior liability into section 1983 law." Id.

Although plaintiff's section 1983 claim is brought against all defendants, plaintiff does not mention a single fact in regard to defendant COLA. Reading the Complaint as a whole, paragraphs 5 and 6 allege that COLA is liable due to its inaction and failure to maintain a proper system of review. However, such threadbare recitals are clearly insufficient under Ashcroft. For these reasons, plaintiff's first cause of action against defendant COLA for civil rights violations should be dismissed.

///

**B. Plaintiff's State Law Causes Of Action Should Be Dismissed As To Defendant COLA As They Fail To Assert Any Factual Allegations.**

Plaintiff's claims for assault, battery, and false imprisonment and arrest make no factual assertions as to any participation by defendant COLA, but merely state that COLA "assisted in and aided in the commission of" these crimes. Complaint ¶¶ 27, 31, and 36. Furthermore, no reference to defendant COLA is made at all in plaintiff's intentional infliction of emotional distress cause of action. Because conclusory allegations of wrongdoing are insufficient to state a claim for relief, Ashcroft, supra, 129 S.Ct. at 1949, and here, plaintiff has not supported her conclusory statements with any factual allegations whatsoever, all of plaintiff's state law claims against COLA must be dismissed.

**V. PLAINTIFFS' FIRST, SECOND, FIFTH, AND FOURTEENTH AMENDMENT CLAIMS SHOULD BE STRICKEN BECAUSE THE FOURTH AMENDMENT IS CLEARLY APPLICABLE.**

Plaintiff's first cause of action alleges violations of the First, Second, Fourth, Fifth, and Fourteenth Amendments. However, plaintiff has only claimed defendants conducted an unreasonable seizure, made false accusations, committed assault and battery, falsely imprisoned plaintiff, and inflicted emotional distress upon her. Complaint ¶ 2. These allegations implicate only the Fourth Amendment's protections against unreasonable searches and seizures. U.S. Const. Amend. IV.

Additionally, plaintiff's allegations of Second and Fifth Amendment violations should be stricken, as the Second and Fifth Amendments apply only to the federal government, and plaintiff has not alleged a constitutional rights violation against any federal actors. Burns v. Mukasey, 2009 U.S. Dist. LEXIS 103511 (E.D. Cal. 2009); Mistriel v. Kern County, 2011 U.S. Dist. LEXIS 24579, *13-14 (E.D. Cal. 2011). Moreover, even if plaintiff were to allege conduct by federal actors, plaintiff still could not premise her section 1983 claim on alleged Second and Fifth Amendment violations, as section 1983 claims may not be brought against federal

1 | actors. See, e.g., Easterly v. Dep't of the Army, 2008 U.S. Dist. LEXIS 38226, *12-13 (E.D. Cal. 2008). Plaintiff's claims under the Second and Fifth Amendments should be dismissed.

Plaintiff has not alleged any facts showing a potential infringement of her First Amendment rights. The only communications referenced are those of the deputy defendants; plaintiff has not alleged her own speech or right to the free practice of religion was infringed in any way. Plaintiff has also failed to allege any facts showing an infringement of her right to bear arms under the Second Amendment, as the Complaint does not so much as mention whether plaintiff even owns a gun. Lastly, plaintiff has not alleged any facts to show she was deprived of her right against self-incrimination or double jeopardy protected by the Fifth Amendment. The references to the First, Second, and Fifth Amendments should therefore be stricken.

Furthermore, with regard to plaintiff's Fourteenth Amendment claims, the Supreme Court has held that "'where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (citations omitted). In this case, plaintiff's claim of unlawful seizure falls explicitly under the Fourth Amendment's guarantee of "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Thus, references to the Fourteenth Amendment should be stricken. Id.

For similar reasons, the references to "freedom from summary punishment," "freedom from torture," "right to keep arms," and references to "search and seizure" and "due process of law" should likewise be stricken, as they are wholly immaterial to plaintiff's claims. Complaint ¶ 19.

///

## VI. THE REFERENCE TO "DEFENDANTS MASSEY, BIRKBECK, AND GARCIA" SHOULD BE STRICKEN AS NO SUCH DEFENDANTS EXIST.

At paragraph 20 of plaintiff's Complaint, plaintiff references "Defendants MASSEY, BIRKBECK, and GARCIA." This reference should be stricken as such individuals are neither named defendants nor mentioned elsewhere in the Complaint, and are therefore immaterial to plaintiff's case. Complaint ¶ 20.

## VII. CONCLUSION.

Based on the foregoing, defendants respectfully request that this Court grant this motion in its entirety.

DATED: October 12, 2011        HURRELL CANTRALL LLP

By: _____
THOMAS C. HURRELL
BRITTANY L. VANNOY
Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEE BACA