Gene J. Goldsman, Esq. SBN – 76554
Gene@gjglaw.com
William M. Vlosky, Esq. SBN – 106445
bvlosky@yahoo.com
Fernando Brito Jr., Esq. SBN – 249579
Fernando@gjglaw.com
LAW OFFICES OF GENE J. GOLDSMAN
501 Civic Center Drive West
Santa Ana, California 92701
(714) 541-3333 /FAX (714) 541-0456

Attorney for Plaintiff
ROSEANNE LARSEN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE LARSEN,<br><br>                    Plaintiff(s),<br><br>          vs.<br><br>COUNTY OF LOS ANGELES, a Municipality within the State of California; SHERIFF LEE BACA; individually and in his official capacity as Sheriff of the Los Angeles County Sheriff's Department; DEPUTY MONTESEDECO, individually and in his official capacity as Deputy Sheriff of the Los Angeles County Sheriff's Department; and SERGEANT MAYHEW, individually and in his official capacity as a Sergeant of the Los Angeles County Sheriff's Department; Defendant(s). | Case No.: CV-11-06934 GAF (PJWx)<br><br>Assigned to:   Judge, Gary A. Feess,<br>Courtroom:   740<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 OF HER CIVIL RIGHTS, FOURTH AMENDMENT, FIFTH AMENDMENT, FOURTHEENTH AMENDMENT**<br>2. **ASSAULT**<br>3. **BATTERY**<br>4. **FALSE ARREST AND IMPRISONMENT**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>6. **NEGLIGENCE**<br>7. **SPECIAL DAMAGES**<br>8. **GENERAL DAMAGES**<br>9. **PUNITIVE AND EXEMPLARY DAMAGES**<br>10. **ATTORNEY FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988, 1983** |

/ / /

/ / /

- 1 -

**FIRST AMENDED COMPLAINT**

Plaintiff, ROSEANNE LARSEN, ("plaintiff") pursuant to FRCP 15 *et seq.* files her First Amended Complaint for causes of action against Defendants, and each of them, alleges as follows:

**INTRODUCTION**

1.   This is an action for money damages against the COUNTY OF LOS ANGELES, ( or "COUNTY OF LOS ANGELES SHERIFF'S DEPT.") and their entity the Los Angeles County Sheriff's Department; SHERIFF LEE BACA, individually and his official capacity as the Sheriff of Los Angeles County; DEPUTY MONTESEDECO, (or "MONTESEDECO") a Sheriff Deputy with the Los Angeles County Sheriff's Department who at all times was employed as a Deputy Sheriff and whose first name is unknown to Plaintiff, who is sued individually / personally and in his official capacity, and SERGEANT MAYHEW,(or "MAYHEW") (whose name was allegedly misspelled in the original complaint and identified therein as "May*hugh*") a Sheriff Sergeant with the Los Angeles County Sheriff's Department who at all times was employed as a Sergeant Sheriff and whose first name is unknown to Plaintiff, who is sued individually / personally and in his official capacity for violating the Plaintiff's constitutional rights. Defendants were responsible and liable for the events that transpired.   Plaintiff uses the word "individually" and "personally" interchangeably throughout this complaint.

2.   Plaintiff alleges that what started as a traffic stop for failing to register their vehicle was elevated out of control when the Los Angeles police officers began to falsely accuse the Plaintiff of driving under the influence and carrying narcotics, "tweaking," being a prostitute, and committing assault, battery, intentionally inflicting emotional distress with purpose and malice, and purposefully and wrongly falsely imprisoning Plaintiff without out any regard to the California or

**FIRST AMENDED COMPLAINT**

1  United States Constitution.   Defendants and each of them, then falsely arrested
2  plaintiff.

3      3.  On July 20, 2010, while arriving at the Los Angeles County offices located
4  at 337 East Ave., K-10, Lancaster, California 93535, Defendants, and each of
5  them, began to harass, assault, commit battery and inflict emotional distress upon
6  Plaintiff without probable cause or reason and falsely imprisoned plaintiff.

7      4.  As a direct and proximate result of DEPUTY MONTESEDECO'S and
8  SERGEANT MAYHEW'S actions, Plaintiff did suffer injuries to her body,
9  including injuries to her head which required serious medical attention.

10     5.  Plaintiff also alleges that the SHERIFF LEE BACA and the COUNTY OF
11 LOS ANGELES are also liable because they have tolerated and permitted a pattern
12 of illegal assaults, batteries against civilians including shootings, pepper spraying,
13 handcuffing, beating, tasering and assaults and batteries, use of excessive and
14 unreasonable force, unreasonable search and seizure of citizens and their homes,
15 papers and effects, false arrest, false imprisonment against civilians, and have
16 failed to investigate properly such incidents, and have failed to stop and tolerated a
17 pattern and practice of illegal and unnecessary aforementioned acts, omissions and
18 conduct in order to hamper any investigations into the use of force, violence and
19 reckless and wrongful acts, omissions and representations by deputies of the Los
20 Angeles County Sheriff's Department.

21     6.  The COUNTY OF LOS ANGELES and SHERIFF LEE BACA have failed
22 to maintain a proper system for reviewing excessive force, unreasonable searches
23 and seizures of persons like plaintiff, searches of persons' effects and property,
24 assaults, batteries, false arrests and false imprisonments against civilians done with
25 out any probable cause, justification, with no basis in fact and/or where the
26 arresting state actor knew there was no probable cause for seizure of the person,
27 use of unreasonable force, factual basis and probable cause to arrest, search the
28 person and their effects and property and to falsely arrest and falsely imprison and

- 3 -

**FIRST AMENDED COMPLAINT**

as a result sheriff deputies of the Los Angeles County Sheriff's Department were encouraged to believe that they could violate the rights of persons such as Plaintiff with impunity.

### JURISDICTION

7.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S. C. §§ 1331 and 1343, and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law. Plaintiff has properly and timely filed a tort claim with the County of Los Angeles which has been rejected by the County or directly or by operation of law.

### PARTIES

8.   Plaintiff ROSEANNE LARSEN is and was at all material times herein a citizen of the United States of America and a resident of the City of Lancaster, California, in the State of California.

9.   At all times mentioned herein Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW were duly sworn Deputies of the Defendant COUNTY OF LOS ANGELES and were there and then acting as Deputy Sheriffs of the Los Angeles County Sheriff's Department of the Defendant COUNTY OF LOS ANGELES.   Plaintiff is informed and believes that SARGEANT MAYHEW and DEPUTY MONTESEDECO engaged in the wrongful acts, omissions and representations described herein however, plaintiff will seek leave to amend her complaint to add defendant(s) upon ascertaining the names of other Sheriffs, Deputies, Sargeants or other persons, individuals or entities that were in some manner liable and/or engaged or conspired to cause the harms, damages and

### FIRST AMENDED COMPLAINT

injuries described throughout this complaint or upon learning their identity of other potential defendants or the proper spelling of defendants names that are already named  in this complaint.

10.     On or about the events set forth herein, defendant SHERIFF LEE BACA was the supervisor, had actual oversight and was responsible for the conduct, acts, errors, and omissions of each other defendant.    On or about the events set forth herein, defendant SARGEANT MAYHEW was the supervisor, had actual oversight and was responsible for the conduct, acts, errors, omissions and representations of DEPUTY MONTESEDECO each other defendant.  On or about the events set forth herein, defendant DEPUTY MONTESEDECO was the supervisor, had actual oversight and was responsible for the conduct, acts, errors, omissions and representations of SARGEANT MAYHEW.   Plaintiff is not absolutely certain of the "titles" of each actor, but is informed and believes that MAYHEW is a "Sergeant" and MONTESEDECO is a "deputy."

11.     On or about the time of the events and after the events, DEPUTY MONTESEDECO and SARGEANT MAYHEW did so conspire between themselves by way of agreement and meeting of the minds to cover up, deny or minimize the wrongful events and tortious and unconstitutional harm and injury inflicted on plaintiff so that each of them would not be subject to investigation or discipline and would "back each other up" as to any potential wrongful, injurious and unconstitutional acts and omissions that occurred during the seizure, search, arrest, detainment, use of force and false imprisonment of plaintiff so as to defeat plaintiff's claims, like those alleged herein, if this matter came under internal LOS ANGELES COUNTY SHERIFF'S DEPT. or Court scrutiny.

12.     At all times mentioned herein, Defendant SHERIFF LEE BACA was the duly elected Sheriff and was acting as the Sheriff of the COUNTY OF LOS ANGELES, and was in charge of the training, use of force policies, discipline and administration of the police or Sheriff's department.

**FIRST AMENDED COMPLAINT**

13.    At all times mentioned herein defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW were acting under color of law, to wit their positions as Los Angeles County Sheriff Deputies, wearing their sheriff uniforms, badges, and shields and under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of California and of the COUNTY OF LOS ANGELES.

14.    Defendant COUNTY OF LOS ANGELES is a County duly incorporated under the laws of the State of California.

# FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION
### (As to All Defendants)

15.    Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through 14 above and incorporates the same herein by reference as though set forth in full.

16.    On July 20, 2010, Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW began a process of verbal and physical intimidation, harassment, assault, battery, upon plaintiff and did deprive plaintiff of her civil and constitutional rights.

17.    As Plaintiff and her husband were driving in their pickup truck vehicle pulled into a parking spot near the County building located at 337 East Ave., K-10, Lancaster, California 93535, A Los Angeles County Sheriff vehicle driven by DEPUTY MONTESEDECO did come to block the plaintiff's vehicle while she and her husband were in the process of parking their vehicle.   DEPUTY

**FIRST AMENDED COMPLAINT**

MONTESEDECO immediately demanded that her (plaintiff's) husband produce his license, registration, *and insurance*.   DEPUTY MONTESEDECO then demanded that plaintiff and her husband get out of the vehicle "now." MONTESEDECO then proceeded to open the vehicle door and pull plaintiff's husband out of the vehicle without allowing the vehicle to be placed in the parked position, resulting in the vehicle nearly crashing into shrubs but for plaintiff's efforts control the vehicle transmission and park the car during this chaos. MONTESEDECO then pulled plaintiff from her vehicle and escorted plaintiff to the Sheriff's patrol car.   Defendant DEPUTY MONTESEDECO then falsely and erroneously claimed that the vehicle was not registered since 2004.

18.      In and among other things, Plaintiff's hands were placed on the vehicle by SERGEANT MAYHEW for a police search and plaintiff complained of the strong heat on her hands.   SERGEANT MAYHEW told plaintiff to deal with the strong heat.  At this point SERGEANT MAYHEW arrived and both Defendant DEPUTY MONTESEDECO and SERGEANT MAYHEW began to intimidate, harass, annoy, assault, insult and commit battery upon and violate Plaintiff's civil rights.   At the scene, SARGEANT MAYHEW informed plaintiff that he had, "already figured her out" referring to plaintiff, ROSEANNE LARSEN as it related to the criminal accusations SARGEANT MAYHEW and DEPUTY MONTESEDECO had made to plaintiff as the basis of the alleged lawful police seizure of plaintiff, her husband and their vehicle and subsequent unlawful vehicle search.

19.      Plaintiff was thrown upon a hot Sheriff vehicle.  SERGEANT MAYHEW then began a verbal assault using cruel, vile and dirty names by accusing Plaintiff of spiking her strawberry lemonade with alcohol, arriving at the County office to collect free money to buy dope, accused Plaintiff of using needle drugs, despite her trypanophobia, commenting that Plaintiff looked much older than her 45 years of age, attempting to convince Plaintiff that her bottle of Bayer

- 7 -

**FIRST AMENDED COMPLAINT**

1  aspirin was in fact an *illegal drug* called "ecstasy," which was false in and among

2  other things.   SERGEANT MAHEW then threw away the bottle of Bayer aspirin

3  into the shrubs but retaining the aspirin pills, calling Plaintiff a liar and a tweaker,

4  falsely arresting plaintiff, and then further harassing her.   SERGEANT

5  MAYHEW repeatedly asked where the *dope was* and if it was stashed in plaintiff's

6  vehicle and that plaintiff could be a dope dealer. SERGEANT MAYHEW

7  continued to harass plaintiff and approached plaintiff aggressively asking her when

8  was the last time she used a needle to get high.   However, plaintiff has a fear of

9  needles.   SERGEANT MAYHEW then inspect plaintiff and her husbands arms

10  for evidence of drugs and injections.   SERGEANT MAYHEW asked again where

11  the drugs were and threatened to rip the plaintiff's vehicle apart until the drugs are

12  found.   The reality was, there was **no dope**. SERGEANT MAYHEW asked

13  plaintiff is she had even been arrested, asked plaintiff her age and then mocked

14  plaintiff for looking much older than her age.   Again, SERGEANT MAYHEW

15  stated that if plaintiff did not turn the dope over to him he would do a full cavity

16  search of plaintiff once booked back at the station.   SERGEANT MAYHEW then

17  came across plaintiff's Bayer brand aspirin bottle and called plaintiff a liar and

18  "tweaker."   That was when SERGEANT MAYHEW loudly stated  so others could

19  hear, that he had allegedly found "my" (plaintiff's)  bottle of ecstacy.   Plaintiff

20  witnessed SERGEANT MAYHEW throw plaintiff's Bayer bottle of aspirin in the

21  shrubs, destroying and abandoning alleged evidence of drug possession or other

22  drug charges.   Plaintiff's husband saw SERGEANT MAYHEW retain the pills in

23  the Bayer bottle in a bag to take as alleged evidence of criminal drug offenses

24  against plaintiff.   SERGEANT MAYHEW informed plaintiff that  he had heard it

25  all in his years of being on the force, and hoped plaintiff had new material.

26  SERGEANT MAYHEW did not believe plaintiff took aspirin for her hip injury.

27  SERGEANT MAYHEW then stated that plaintiff hurt her hip from laying on her

28  back with her legs spread smoking her dope.   He then stated that plaintiff was a

**FIRST AMENDED COMPLAINT**

1    "lying dope addict" and take responsibility for her life and quit letting the

2    government support her in among other unfounded, abusive, vile and disrespectful

3    comments all based on SERGEANT MAYHEW and DEPUTY TEDESCEDO'S

4    profling plaintiff and her husband, with no reasonable justification or cause to

5    violate plaintiff's constitutional rights including unreasonable search and seizure of

6    plaintiff's person, her vehicle, false arrest, false imprisonment and due process

7    violations, taking of plaintiff's property in and among other things.  All of which

8    resulted in no prosecution by the prosecuting authority, because there was simply

9    no reasonable basis for any acts, omissions and representations of defendants, and

10   each of them.

11        20.     Further SARGEANT MAYHEW placed plaintiff in the police car.

12   Plaintiff attempted to adjust the seat of the car due to pain in her hip.  SARGEANT

13   MAYHEW then accused plaintiff of trying to shove something in the seat of the

14   police car.  He then reached in and grabbed plaintiff by the back of her shirt collar

15   and by her hair and dragged plaintiff out of the vehicle.   Plaintiff lost her footing

16   while SARGEANT MAHEW dragged and fell to the floor of the vehicle and he

17   slung plaintiff around like a rag doll across the vehicle floor, impacting her body

18   against the door plate and forcefully impacting plaintiff's body into the car door.

19   Once out of the vehicle He continued to hold plaintiff up against the patrol car.

20   SARGEANT MAYHEW then told DEPUTY TEDESCEDO to cuff plaintiff.  At

21   that time MAYHEW still had plaintiff by the hair and slammed plaintiff's face into

22   a part of the police car.  When plaintiff cried in pain and told him to stop, and that

23   he was hurting her, MAYHEW pressed even harder.

24        21.     SERGEANT MAYHEW Defendants and each of them, then had

25   plaintiff's vehicle placed on a tow truck and impounded plaintiff's vehicle in

26   storage.  MAYHEW then stated to plaintiff that they really abuse vehicles in the

27   impound yard.   TEDESCEDO then took plaintiff to the police station.

28   MAYHEW and TEDESCEDO let plaintiff's husband go at the scene.

- 9 -

**FIRST AMENDED COMPLAINT**

22.     Plaintiff was then transported to the police station and booked and spent approximately three days in custody when the prosecuting authority decided not to charge or prosecute plaintiff for this alleged drug possession related offense or alleged open container offense or any other offenses which further supports that the facts and charges supported by SARGEANT MAYHEW and DEPUTY TEDESCEDO were *completely fabricated* by DEPUTY MONTESEDECO and SERGEANT MAYHEW and involved their excessive and unreasonable physical force and unlawful search and seizure of plaintiff, plaintiff's vehicle, plaintiff's false arrest and false imprisonment and further violated plaintiff's constitutional due process rights and resulted in an unlawful government taking of plaintiff's vehicle.

23.     All beliefs of Defendants and each of them, as it related to plaintiff and her husband were based on clearly unfounded facts, fabricated and falsified facts and evidence that defendants, MAYHEW and TEDESCEDO knew or should have known were false and untrue, as well as presumptions, profiles and stereotypes and resulted in the unlawful search, seizure of plaintiff, her husband, their vehicle, arrest  and subsequent imprisonment for three days and alleged charges were done without any probable cause or any valid reasonable articulable suspicion related to plaintiff, ROSEANN LARSEN in and among other tortious and unlawful injuries and constitutional injuries, harms and wrongs.   This proximately caused plaintiff's false arrest and false imprisonment.    This is the pattern, practice, of police policies, customs and usages of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT as to how they wrongfully and unconstitutionally investigate and/or seize the person, detain and use unreasonable and excessive force, and search persons' effects and property as a pattern and practice of ongoing police policies, customs, practices and usages that against plaintiff and other citizens and arrestees.

**FIRST AMENDED COMPLAINT**

24.    Therefore defendants, and each of them engaged in the wrongful, tortious, unlawful and unconstitutional conduct, acts and omissions, against plaintiff, her husband, their vehicle and plaintiff's personal effects and property and were done with deliberate indifference and recklessness in an attempt to harass, intimidate and oppress and exercise police power and force without any valid cause, reason or justification.

25.    As a proximate result of false arrest, false imprisonment and false charges from Defendants and each of them, plaintiff lost her vehicle while in storage which constitutes a deprivation and taking of plaintiff's personal property.

26.    At all times relevant herein, Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW did act in the course and scope of their employment and under the color of law of the Los Angeles County Sheriff's Department.

27.    By the actions and omissions described above, Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW deprived Plaintiff of the following clearly established and well-settled constitutional rights:

     a.  Freedom from the use of excessive and unreasonable force;

     b.  Freedom from the deprivation of liberty or property without due process of law;

     c.  The right to be secure in one's person house, papers and effects against unreasonable searches and seizures;

     d.  The right from unlawful confinement and false imprisonment;

     e.  The right to procedural and substantive due process of law;

     f.  Freedom from summary punishment;

     g.  Freedom from torture, pain and suffering;

     h.  Right to protection from injury while in police or Sheriff custody;

     i.  Right to not have personal property taken by the government and/or foreseeably caused be to be taken by third parties and through government's unconstitutional and unlawful acts and omissions.

**FIRST AMENDED COMPLAINT**

28.     Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW subjected Plaintiff to the deprivations of her rights, negligently, with gross negligence and maliciously with deliberate indifference and with a reckless disregard for her life, liberty and safety and for the violation of Plaintiff's rights by their actions and in doing the acts, omissions and representations set forth herein intended to injure Plaintiff and cause her great pain and suffering and physical injury and emotional pain and suffering and deprived her of her rights, and such conduct was malicious, oppressive and despicable and Plaintiff should be awarded reasonable punitive and exemplary damages against Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW, in order to punish and make an example of them.

29.     As a direct and proximate cause and result of the acts and omissions of the said Defendants, Plaintiff suffered severe and permanent injuries a jaw injury and bruising and has been forced to endure great and permanent pain and mental suffering, was deprived of her physical liberty and was forced to incur medical and hospital expenses.

30.     In order to prosecute this action and to vindicate her rights, Plaintiff has had to retain and use the services of attorneys and Plaintiff hereby requests that she be awarded as costs, reasonable attorneys fees.

31.     Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW intentionally, wantonly, willfully, maliciously and expressly and with the intent to cause and inflict pain and injury to Plaintiff, and such acts were tolerated and in fact encouraged when inflicted on the public and the acts of Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW set forth above were done with the authority and ratification of SHERIFF LEE BACA in his individual capacity, so as to justify an award of exemplary and punitive damages against Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW.

**FIRST AMENDED COMPLAINT**

32.   The COUNTY OF LOS ANGELES is a governmental organization within the State of California (hereinafter sometimes "LOS ANGELES" or "COUNTY"), and a governmental agency within the purview of the U.S. Supreme Court case of *Monell et al. v. Department of Social Services of the City of New York* (1978) 436 U.S. 658.  During his term in office as Sheriff, Defendant, LEE BACA, hereinafter sometimes instituted and carried on policies, practices, customs and usages which caused citizens and arrestees, including plaintiff to sustain unlawful and unconstitutional verbal harassment, batteries, assaults, false arrest and false imprisonment and injured and harmed by other wrongful acts, omissions and representations as described throughout this complaint.

33.   At all times herein mentioned, Defendants, and each of them, were the agents, employees and principals of the remaining Defendants, and in doing the acts herein alleged, acted within such capacity, and within the scope and authority of such agency and employment.

34.   Plaintiff is ignorant of the true names and capacities of potential other COUNTY OF LOS ANGELES agent and employee Defendants, or as employees, agents of COUNTY OF LOS ANGELES as Sheriffs, Deputies or other statuses and titles, and will ask leave to amend this complaint to insert the true names and capacities when the same are ascertained. Plaintiffs allege that said unknown Defendants, and each of them individually and collectively, are also responsible for the wrongful acts and omissions alleged herein, and are liable to Plaintiffs as herein alleged.

35.   At all times mentioned herein, Defendant SHERIFF LEE BACA was the duly appointed or elected Sheriff and was acting as the Sheriff of the COUNTY OF LOS ANGELES and was aware of and consented to the abusive, reckless, abusive and callous physical and verbal treatment and unwarranted, unjustified and unconstitutional excessive force police practices and customs upon of citizens,

- 13 -

**FIRST AMENDED COMPLAINT**

1   arrestees and individuals out on the streets, like that which occurred to plaintiff as

2   alleged throughout this complaint.

3        36.    At all times mentioned herein defendant SHERIFF LEE BACA in his

4   individual / personal and official capacity as sheriff of the COUNTY OF LOS

5   ANGELES; Does 1-20; and the sergeants, deputies and other County personnel,

6   agents and employees were witnesses, knew or should have known of the

7   unlawful, unconstitutional police practices, customs and policies mentioned herein,

8   that injured and harmed plaintiff, and did not seek to correct them.   All COUNTY

9   OF LOS ANGELES Sheriff deputies, sergeants and other COUNTY OF LOS

10  ANGELES  personnel were all Sheriffs, deputies or otherwise, of the County of

11  Los Angeles and were acting under color of law, in their positions as COUNTY

12  OF LOS ANGELES Deputy Sheriffs, wearing their usual uniforms, badges, and

13  shields and under color of the statutes, ordinances, regulations, customs policies,

14  and usages of the State of California and the COUNTY OF LOS ANGELES.

15  SHERIFF LEE BACA and COUNTY OF LOS ANGELES gave orders, instructed

16  and trained officers through direction, supervision and/or failed to direct, supervise

17  and train and established these policies, customs, practices and usages which

18  would and in fact did inflict unconstitutional harm and injury on plaintiff as

19  described throughout this complaint.

20       37.    The customs, policies, practices and usages and the encouragement and

21  ratification of unconstitutional, harmful and injuries police conduct as set forth

22  throughout this complaint and because the advanced knowledge and/or ratification

23  such customs, policies, practices and usages represented official policy and caused

24  violations of constitutional rights by the local entity.  The SHERIFF'S

25  DEPARTMENT, COUNTY OF LOS ANGELES and SHERIFF LEE BACA are

26  responsible under 42 U.S.C. §1983 since the violation of the Constitutional right

27  took place because of these defendants and each of them, including SHERIFF LEE

28

---

- 14 -

**FIRST AMENDED COMPLAINT**

Case 2:11-cv-06934-GAF -PJW   Document 6   Filed 11/02/11   Page 15 of 25   Page ID #:50

1  BACA being the moving force for violation of the FOURTH, FIFTH and

2  FOURTEETH Amendments, as alleged throughout this complaint.

3       38.     Further, defendant COUNTY OF LOS ANGELES and SHERIFF LEE

4  BACA were negligent, grossly negligent, reckless, careless and unreasonable in

5  their hiring, training, management, retention and supervision of SARGEANT

6  MAYHEW and DEPUTY MONTESEDECO .  COUNTY OF LOS ANGELES

7  and SHERIFF LEE BACA knew or should have known, based on past experiences

8  and information and date in their possession that MAYHEW and

9  MONTESEDECO would engage in tortuous, unlawful and unconstitutional acts

10 and omissions like those described throughout this complaint, towards arrestees

11 and citizens like plaintiff and both MAYHEW and MONTESEDECO had done so

12 in the past while in the course and scope of their employment or while off duty, yet

13 failed to adequately discipline or adequately investigate both MAYHEW and

14 MONTESEDECO'S unlawful, tortuous and unconstitutional conduct and thereby

15 ratified their prior wrongful, injurious, tortious, unlawful and constitutional acts

16 and omissions like those inflicted upon plaintiff.   As a proximate result, plaintiff

17 was proximately caused serious injury, damage, harm by Defendants and each of

18 them, which could have been avoided.

19      39.     All of the acts and omissions of Defendants and each of them, were not

20 done for a legitimate lawful purpose but because they had no interest in seeing that

21 the police use of force and treatment of citizens and arrestees policies, practices,

22 customs and usages were not deleterious, injurious, harmful, tortuous and

23 unconstitutional to the mental and physical condition of the citizens and arrestees

24 including plaintiff,  and did not care about the likelihood of injuries, and believed

25 that this conduct was necessary to maintain the reputation of the police force and

26 send a message to the general public to fear the COUNTY OF LOS ANGELES

27 SHERIFF'S DEPARTMENT, and neglected to improve the conditions for an

28 unreasonable time.

- 15 -
**FIRST AMENDED COMPLAINT**

40.    The acts and omissions of Defendants and each of them, against Plaintiff and others similarly situated, were entirely unjustified and constituted unreasonable and unjustifiable acts and omissions causing extreme discomfort and pain and injury to those unlawfully, tortuously and unconstitutionally detained seized and physically searched, arrested, vehicle and effects searched, arrested and imprisoned by LEE BACA and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

41.    The acts and omissions of Defendants, and each of them, were not performed in furtherance of reasonable seizure and search of arrestees and plaintiff, plaintiff's vehicle and personal effects detainment, arrest and imprisonment goals and reasonable force used to obtain those goals.    Defendants and each of them created, implemented, promulgated and/or ratified these unlawful, tortious, injuries and unconstitutional police customs, practices, policies and usages because of the desire of Defendants, and each of them, to punish citizens, arrestees and individuals like plaintiff and make them examples and to prove their power over the people whom they were supposed only to stop and question, or lawfully detain, restrain, arrest and rightfully imprison providing due process of law, and not deliver their own brand of excessive, unjustifiable, injurious, tortuous and harmful police force.

42.    The policies, practices, customs and usages by defendants, COUNTY OF LOS ANGELES and SHERIFF LEE BACA were created, implemented, carried out, reviewed, approved and/or ratified by COUNTY OF LOS ANGELES and SHERIFF LEE BACA, as identified and manifested in the acts and omissions throughout this complaint were policies, practices, customs and usages that *were so deficient that the these policies, practices, customs and usages themselves are a repudiation of constitutional rights and is the moving force of the constitutional violations against plaintiff.*    These policies, practices, customs and usages by

- 16 -

**FIRST AMENDED COMPLAINT**

defendants were a repeated pattern prior to and at the time of defendants' harm, injury and constitutional violations upon plaintiff.

43.    The actions, omissions, representations, policies, procedures, practices and usages by Defendants and each of them, set forth above and throughout this complaint, were entirely unjustified and constituted an unreasonable seizure of the person and excessive and unreasonable force, violations of due process upon arrest, processing and incarceration in LOS ANGELES COUNTY jail  and violations of Plaintiff's and other citizens and arrestees rights under the FOURTH, FIFTH and FOURTEENTH Amendments to the United States Constitution.

44.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices, usages and customs of Defendants and each of them, Plaintiff has been damaged as stated throughout this complaint, and proximately caused further damage to Plaintiff's right to the equal protection of the law pursuant to the Fourth, Fifth and Fourteenth Amendments and in violation of 42 USC §1983.

## SECOND CAUSE OF ACTION
## ASSAULT
### (As to All Defendants)

45.    Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 44, of this complaint and incorporates the same by reference herein as though set forth in full.

46.    Plaintiff timely filed her State of California tort claim for damages with the County of Los Angeles on 1/11/11 which was rejected thereafter by letter notice to plaintiff on 3/7/11.

- 17 -

**FIRST AMENDED COMPLAINT**

47.   Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW continually intentionally and willfully placed Plaintiff in apprehension and fear of an imminent use of force and contact upon her body.

48.   All acts and omissions identified throughout this complaint were done without any good faith, due care, reasonable basis, justification or cause and involved unreasonable and excessive force.

49.   As a proximate result of these assaults and wrongful acts, omissions and representations alleged throughout this complaint, Plaintiff has suffered the damages, injuries aforesaid.   All Defendant and County Sheriff actors, employees Defendants, including DEPUTY MONTESEDECO, SARGEANT MAYHEW and SHERIFF LEE BACA should be held personally or individually liable pursuant to California *Government Code* §§844.6(d), 815, 815.2, 820, 820.4, 820.8 and 815.6 and Civil Code §1714; *Scruggs v. Haynes* (1967) 252 Cal. App. 2d 256.

50.   Defendants COUNTY OF LOS ANGELES, and SHERIFF LEE BACA, by their actions and lack of actions, assisted in and aided in the commission of Assault against Plaintiff.

51.   The actions, omissions and representations of defendants,  SHERIFF LEE BACA, personally and individually,  SARGEANT MAYHEW, personally and individually and DEPUTY MONTESEDECO, personally and individually were done with malice, oppression and constituted despicable conduct with a conscious disregard of the rights and safety of others and plaintiff so as to warrant an award of punitive and exemplary damages against these defendants under Civil Code §3294 *et seq.*

/ / /

/ / /

/ / /

/ / /

/ / /

- 18 -

**FIRST AMENDED COMPLAINT**

# THIRD CAUSE OF ACTION
# BATTERY
## (As to All Defendants)

52.   Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 51, of this complaint and incorporates the same by reference herein as though set forth in full.

53.   Defendants DEPUTY MONTESEDECO and SERGEANT MAYHEW continually committed willful, intentional and unlawful use of force by making harmful and offensive contacts upon plaintiff's body and violence upon the person of Plaintiff that was excessive and unreasonable force

54.   All acts and omissions identified throughout this complaint were done without any good faith, due care, reasonable basis, justification or cause.

55.   As a proximate result of these batteries and wrongful acts, omissions and representations alleged throughout this complaint, Plaintiff has suffered the damages, injuries aforesaid.   All Defendant and County Sheriff actors, employees Defendants, including DEPUTY MONTESEDECO, SARGEANT MAYHEW and SHERIFF LEE BACA should be held personally or individually liable pursuant to California *Government Code* §§844.6(d), 815, 815.2, 820, 820.4, 820.8 and 815.6 and Civil Code §1714; *Scruggs v. Haynes* (1967) 252 Cal. App. 2d 256; *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

56.   Defendants COUNTY OF LOS ANGELES, and SHERIFF LEE BACA, by their actions and lack of actions, assisted in and aided in the commission of Battery against Plaintiff.

/ / /

/ / /

/ / /

/ / /

- 19 -
## FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT AND ARREST
### (As to All Defendants)

57.     Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 56, of this complaint and incorporates the same by reference herein as though set forth in full.

58.     Defendants illegally and improperly, under the color of law, falsely imprisoned and arrested Plaintiff in violation of her personal liberties.   Plaintiff was confined within an area and boundaries set by defendants and each of them, against her will and without consent.  Defendants, MAYHEW and MONTESEDECO both directly and or indirectly engaged in acts, omissions and representations and had carried out a False Arrest and False Imprisonment against Plaintiff, without, proper cause, reasonable diligence, justification or right, in violation of plaintiff's rights.

59.    All acts and omissions identified throughout this complaint were done without any good faith, due care, reasonable basis, justification or cause.

60.    Defendants and each of them intended, and knew or should have known that their actions and omissions as set forth above would cause Plaintiff to suffer great and extreme emotional distress.

61.     As a proximate cause of the acts and omissions set forth above, Plaintiff has suffered great and extreme emotional distress, and suffered the damages aforesaid. As a proximate result of these assaults and wrongful acts, omissions and representations alleged throughout this complaint, Plaintiff has suffered the damages, injuries aforesaid.   All Defendant and County Sheriff actors, employees Defendants, including DEPUTY MONTESEDECO, SARGEANT MAYHEW and SHERIFF LEE BACA should be held personally or individually liable pursuant to California *Government Code* §§844.6(d), 815, 815.2, 820, 820.4, 820.8, 821, 821.6 and 815.6 and Civil Code §1714; *Sullivan v. County of Los Angeles* (1974) 12 Cal

3d 710; *Scruggs v. Haynes* (1967) 252 Cal. App. 2d 256; *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

62.     Defendants COUNTY OF LOS ANGELES, and SHERIFF LEE BACA, by their actions and lack of actions, assisted in and aided in the commission of False Imprisonment and False Arrest against Plaintiff.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

63.     Plaintiff reports and realleges each and every allegation contained in Paragraphs 1 through 62, of this complaint and incorporates the same herein by reference as though set forth in full.

64.     As a proximate result of the acts and omissions set forth above, Plaintiff was denied her civil liberties, assaulted, battered, falsely arrested and imprisoned and deprived of her freedom in order to intimidate Plaintiff from asserting her rights against Defendant and in order to cover up their own wrongdoing and avoid liability for their acts.

65.     Defendants and each of them intended, and knew or should have known that their actions and omissions as set forth above and throughout this complaint, would cause Plaintiff to suffer great severe, and extreme emotional distress.

66.     At all times herein SHERIFF LEE BACA, SARGEANT MAYHEW and DEPUTY MONTESEDECO  in both their official and individual/personal capacities, by engaging in the aforementioned acts, omissions and representations set in motion a series of acts by others (including defendants and each of them) acting as agents and employees and for and on the behalf of the SHERIFF'S DEPARTMENT or knowingly refused to terminate a series of acts which

- 21 -

**FIRST AMENDED COMPLAINT**

Defendants, and each of them, knew or reasonably should have known, would cause others to inflict the constitutional injury and other injuries upon plaintiff and did in fact inflict the constitutional injury and other injuries upon plaintiff .

67.    All acts and omissions identified throughout this complaint were done without any good faith, due care, reasonable basis, justification or cause.

68.    All Defendant and County Sheriff actors, employees Defendants, including DEPUTY MONTESEDECO, SARGEANT MAYHEW and SHERIFF LEE BACA should be held personally or individually liable pursuant to California *Government Code* §§844.6(d), 815, 815.2, 820, 820.4,  820.8 and 815.6 and Civil Code §1714; *Scruggs v. Haynes* (1967) 252 Cal. App. 2d 256; *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

69.    As a proximate result of the acts, omissions and representations set forth throughout this complaint, Plaintiff suffered the damage and injury claimed herein.


### SIXTH CAUSE OF ACTION
### NEGLIGENCE

**(Against all Defendants)**


70.    Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

71.    At all times complained of herein, defendants, and each of them, either knew of or reasonably should have known of the violent and unreasonably aggressive propensities of certain police officers, sheriff deputies, jailers, guards, special officers and custodial officers and those of SARGEANT MAYHEW and DEPTY MONTESEDECO regarding the wrongful search and seizure of plaintiff, assault, battery, false arrest and false imprisonment of plaintiff and other wrongful

**FIRST AMENDED COMPLAINT**

acts alleged herein.    Defendants, and each of them, were in possession that SARGEANT MAYHEW and DEPUTY MONTESEDECO had a prior history of such wrongful acts towards citizens encountered out in the street and then seized, arrested, taken into custody and imprisoned.   Defendant and each of them did nothing to properly supervise or discipline such police officers, sheriffs deputies, jailers, guards, special officers and custodial officers, or to otherwise prevent them from undertaking such conduct.

72.    Defendants, and each of them, including SARGEANT MAYHEW and DEPUTY MONTESEDECO had a duty to all citizens arrestees and inmates, including plaintiff  to not engage in the harmful and injuries acts, omissions, and representations described herein and protect plaintiff from harm and injury prior to and during arrest and while in custody.

73.    Defendants, SARGEANT MAYHEW and DEPUTY MONTESEDECO were negligent, grossly negligent, careless, reckless and unreasonable in their acts, omissions and representations toward plaintiff, as described throughout this complaint.

74.    Said actions, omissions and representations by defendants, and each of them, as set forth above and below, constitute a breach of defendants' duty to use due care toward plaintiff, under California state law.

75.    Defendants, and each of them, knew or should have known that such acts, omissions and representations alleged throughout this complaint would be likely to cause serious emotional distress in plaintiff and did in fact cause severe and extreme emotional distress in plaintiff.

76.    All acts and omissions identified throughout this complaint were done without any good faith, due care, reasonable basis, justification or cause.

**FIRST AMENDED COMPLAINT**

77.     Also as a direct and proximate result of defendants' negligent, grossly negligent, careless, reckless, and unreasonable actions, omissions, and representations above-referenced, plaintiffs incurred special and general damages in an amount to be proven at trial and were proximately caused serious bodily injury and emotional distress.   All Defendant and County Sheriff actors, employees Defendants, should be held personally liable pursuant to California *Government Code* §§844.6(d), 815, 815.2, 820, 820.4, 820.8 and 815.6 and Civil Code §1714; *Scruggs v. Haynes* (1967) 252 Cal. App. 2d 256; *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

WHEREFORE, Plaintiff requests judgment as follows:

1.  Compensatory and general damages against Defendants and each of them, in a sum according to proof;

2.  Compensatory and general damages against Defendants and each of them including SHERIFF LEE BACA, the COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and pursuant to *Monell v. Department of Social Services of New York* (1978) 436 US 658, in a sum according to proof;

3.  Special Damages according to proof;

4.  Punitive and exemplary damages against Defendant SHERIFF LEE BACA, personally and individually; DEPUTY MONTESEDECO, personally and individually; and  SERGEANT MAYHEW, personally and individually, as well as other potential Sheriff Deputies and Sergeants yet to be discovered, identified and named herein, according to proof;

5.  Attorneys fees pursuant to 42 U.S.C. § 1988, 1983 according to proof;

**FIRST AMENDED COMPLAINT**

6.  Costs of this action;

7.  Such other and further relief as this court may deem appropriate.

A Jury trial is hereby demanded.

Dated this November 1, 2011               LAW OFFICES OF GENE J. GOLDSMAN

Gene J. Goldsman, Esq.
William M. Vlosky, Esq.
Fernando Brito Jr., Esq.
Attorneys for Plaintiff Roseanne Larsen

- 25 -

**FIRST AMENDED COMPLAINT**